# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

In re:

**JAMES H. ORSO, JR.,**                    Case No. 16-01516-JCO-11

      **Debtor**

## UNITED STATES' OBJECTION TO PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

COMES NOW the United States of America, by and through the United States Attorney for the Southern District of Alabama, Richard W. Moore, and files this Objection to Debtor's proposed Plan of Reorganization ("Plan") (Doc. 218) and Disclosure Statement (Doc. 219) as follows:

### Disclosure Statement

1. "The purpose of the disclosure statement is to provide sufficient information to enable a reasonable and typical investor to make an informed judgment about the plan." *In re Coastal Realty Investments, Inc.*, No. 12-20564, 2013 WL 214235, at *2 (Bankr. S.D. Ga. Jan. 17, 2013) (*citing In re Ligdon*, 50 B.R. 127, 130 (Bankr.M.D.Tenn.1985) (citing S.Rep. No. 95–989, at 5907 (1978)).

2. Further, 11 U.S.C. § 1125(a) states that "adequate information" includes a discussion of the material Federal tax consequences of the plan.

3. Debtor's Disclosure Statement fails to set out <u>any</u> projected income for the life of the proposed Plan and fails to include sufficient information about Debtor's Federal tax liability and its impact on the viability of the Plan. (See Doc. 219). Without this information, interested parties are unable to make an informed decision about acceptance or rejection of the Plan.

## Plan of Reorganization

4. Debtor's Plan does not address the full debt owed to the Internal Revenue Service. (*See* Proof of Claim #4-2 filed on December 2, 2016). A filed claim is deemed allowed. 11 U.S.C. § 502(a); Bankruptcy Rule 3001(f).

5. Debtor's Plan must provide for the full payment of the Federal administrative tax claim by the effective date of the Plan. 11 U.S.C. §1129(a)(9)(A). (*See* Administrative Proof of Claim 15-1 filed on October 26, 2017).

6. Debtors' Plan must provide for the full payment of the Federal priority tax claim, with interest at a rate of four percent (4%), compounded daily, by regular installments that are completed within five years of the Petition date. 11 U.S.C. §§ 1129(a)(9)(C).

7. Debtor's Plan does not include the IRS's unsecured general claim.

8. The Plan should specifically provide that, upon a default under the Plan, the administrative collection powers and the rights of the United States will

be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of Notice of Federal Tax Lien and the powers of levy, seizure, and sale under the Title 26 of the United States Code. Proposed language to accomplish this purpose is as follows:

> (A) If Debtor fails to make payment of any tax to the Internal Revenue Service (IRS) within 10 days of the due date of such deposit or payment, or if Debtor or the successor in interest fails to file any required federal tax return by the due date of such return, then the United States may declare that Debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the successor in interest or Debtor is in default.
>
> (B) If the United States declares Debtor or the successors in interest to be in default of Debtor's obligations under the Plan, then the entire imposed liability, together with any unpaid current liabilities, shall become due and payable immediately upon written demand to Debtor or the successor in interest.
>
> (C) If full payment is not made within 14 days of such demand, then the IRS may collect any unpaid liabilities through the administrative collection provisions of Title 26 of the United States Code.
>
> (D) In the event Debtor fails to make any Plan payment within 10 days of the due date of such deposit or payment, the automatic stay will be deemed terminated, without further hearing, and the IRS will be entitled to pursue administrative collection.
>
> (E) The claims bar date for administrative claims does not apply to post-petition taxes, which will be paid no later than the Effective Date.

9. The United States objects to Article VIII of the Plan in that nothing in the Plan or Confirmation Order should limit or expand the scope of discharge, release, or injunction to which Debtor is entitled to under the Bankruptcy Code, if

Case 16-01516   Doc 224   Filed 02/07/19   Entered 02/07/19 10:26:41   Desc Main
Document      Page 3 of 7

any. The discharge, release, and injunction provisions contained in the Plan should not be construed to bar the United States from, subsequent to the Confirmation Order, pursuing any police or regulatory action.

10. Accordingly, the United States respectfully requests that any order confirming the Plan in this case include as follows:

  a. Nothing in the Plan or Confirmation Order shall discharge, release, impair or otherwise preclude: (1) any liability to the United States that is not a "claim" as defined in 11 U.S.C. § 101(5); (2) any Claim of the United States arising on or after the Confirmation Date; (3) any valid right of setoff or recoupment of the United States against Debtor; or (4) any liability of Debtor under police or regulatory statutes or regulations to any Governmental Unit (as defined in 11 U.S.C. § 101(27)) as the owner, lessor, lessee or operator of property that such entity owns, operates or leases after the Confirmation Date;

  b. Nor shall anything in this Confirmation Order or the Plan: (i) enjoin or otherwise bar the United States or any Governmental Unit from asserting or enforcing, outside the Bankruptcy Court, any liability described in the preceding sentence; or (ii) divest any court, commission, or tribunal of jurisdiction to determine whether any liabilities asserted by the United States or any Governmental Unit are discharged or otherwise barred by this Confirmation Order, the Plan, or the Bankruptcy Code; and

  c. Moreover, nothing in the Confirmation Order or the Plan shall release or exculpate any non-Debtor from any liability to the United States, including but not limited to any liabilities arising under the Internal Revenue Code, environmental laws, or any criminal law, nor shall anything in this Confirmation Order or the Plan enjoin the United States from bringing any claim, suit, action or other proceeding for any liability whatsoever; *provided, however*, that the foregoing sentence shall not limit the scope of discharge granted to Debtor under 11 U.S.C. §§ 524 and 1141.

11. The Plan should state that nothing in the Plan or subsequent Confirmation Order shall affect the IRS's set-off rights.

12. The Plan should include language regarding tax liabilities and consequences of the Plan as follows:

Nothing contained in the Plan or Confirmation Order shall be deemed to:

   a. determine the tax liability of any person or entity, including but not limited to Debtor;

   b. have determined the federal tax treatment of any item, distribution, or entity, including the federal tax consequences of the Plan; or

   c. have conferred jurisdiction upon the Bankruptcy Court to make determinations as to federal tax liability and federal tax treatment except as provided under 11 U.S.C. § 505.

13. The United States objects to Article IX of the Plan and does not consent to the Bankruptcy Court's jurisdiction over matters reserved to other Federal Courts, such as the Court of Federal Claims or Tax Court.

14. Neither the Disclosure Statement nor the Plan describe feasibility of the Plan with any particularity regarding the monthly revenues or projected operations of Debtor. "The feasibility test 'encompasses two interrelated determinations -- (i) a finding that the debtor will be able to make all payments under and comply with the provisions of the plan, and (ii) a finding that the plan provides reasonable assurances that the debtor will remain viable for a reasonable time.'" *In re Cello Energy, LLC*, Nos. 10-04877-MAM-11, 10-04931-MAM-11,

10-04930-MAM-11, 2012 Bankr. LEXIS 1533, at *34-35 (Bankr. S.D. Ala. Apr. 10, 2012). Without such information, creditors cannot determine if the Plan is feasible.  11 U.S.C. § 1129(a)(11).  However, even if the parties were to adopt Debtor's prior representations about income, such income is insufficient to pay the IRS's claims in full within five (5) years of the filing as required pursuant to 11 U.S.C. § 1129(a)(11).

15. The Plan cannot be confirmed unless all pre- and post-petition tax returns have been filed. *See* 11 U.S.C. §§ 1106(a)(6), 1107(a), 1112(b)(4)(I) and 1129(a)(2). As of the date of this filing, IRS records do not show receipt of Federal income tax returns for 2012 and 2013.

WHEREFORE, the United States of America prays that confirmation of Debtor's proposed Plan be denied unless and until Debtor remedies these matters.

Respectfully submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY

By: */s/Kasee S. Heisterhagen*
Kasee Sparks Heisterhagen
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: 251-415-7186

# **CERTIFICATE OF SERVICE**

      I certify that on February 7, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                */s/Kasee S. Heisterhagen*
                                Kasee Sparks Heisterhagen
                                Assistant U.S. Attorney